**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **MARY MALLARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.: 2:06-cv-0481-WHA** |
| ) | |
| **ELI LILLY AND COMPANY;** ) | |
| **YOLANDA MCCAIN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ELI LILLY AND COMPANY'S REPLY TO PLAINTIFF'S
OPPOSITION TO LILLY'S MOTION TO STAY**

Plaintiff's opposition to a stay of proceedings is almost identical to the oppositions filed by Plaintiff's counsel in *Muhammad v. Lilly, et al.*, No.: 2:05-cv-1046-MHT (M.D. Ala.) (Thompson, J.), and *McCray-Martin v. Lilly, et al.*, No.: 2:05-cv-1048-MHT (M.D. Ala.) (Thompson, J.), in which this Court granted Lilly's Motions to Stay. Plaintiff has done nothing to modify the arguments that were rejected by this Court in those cases.[1] *See* Orders, attached as Exhibits "A" & "B." To promote judicial economy and consistency, this Court should grant a stay of proceedings in this case as well.

As in *Muhammad* and *McCray-Martin*, Plaintiff's opposition to Lilly's Motion to Stay is demonstrably wrong on the current state of the law. This Court has already

---

[1] The additional authority Plaintiff's counsel has provided to support their opposition to a stay of these proceedings are five remand orders entered by the United States District Court for the Southern District of Alabama in cases involving the joinder of local physicians. (Doc. # 10). The issues involved in those cases are very different from those at issue in the present case – a case involving the fraudulent joinder of a local *sales representative*, not a local physician. Plaintiff's counsel cannot, and has not even attempted to explain how the orders attached to their Supplemental Exhibit to Response to Motion to Stay have any bearing on the Court's analysis of the stay issue in the present case. The law on the fraudulent joinder of sales representatives is clear. *See generally Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005). The Southern District cases cited by Plaintiff are inapposite to the present case.

acknowledged that it plainly has authority to grant a stay to allow the Multidistrict Litigation transferee court to decide any motion for remand to be filed by Plaintiff. Also, the Judicial Panel on Multidistrict Litigation (the "Panel") has referred cases to the Zyprexa® MDL while motions for remand were pending. Indeed, three such cases – each identical to the present case – are now pending in the MDL. *See Muhammad v. Lilly, et al.*, No.: 2:05-cv-1046-MHT (M.D. Ala.); *McCray-Martin v. Lilly, et al.*, No.: 2:05-cv-1048-MHT (M.D. Ala.); and *Crimes v. Lilly, Yolanda (Brown) McCain, et al.*, No.: 2:05-cv-1047-ID (M.D. Ala.), transfer orders attached as Exhibit "C." Plaintiff's suggestion that a stay would not further judicial economy completely ignores those cases and the seven virtually identical cases Plaintiff's counsel has recently filed, all of which involve the fraudulent joinder of Yolanda McCain. Related issues are also pending in hundreds of other cases, including several filed by Plaintiff's counsel in other jurisdictions, all of which have been transferred to the MDL. Plaintiff counsel's efforts to evade the MDL process and have this Court rule on a fact pattern to be repeatedly decided in the MDL undermines this Court's prior decisions in Zyprexa-related cases and the Panel's determination that pre-trial proceedings be consolidated, even if there are pending motions in the transferor court. *See* Letter from Panel Dated January 20, 2006 (attached as Exhibit "D") (stating that deferring decisions on motions to remand to the MDL court "may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel order centralization"). For these reasons, the Court should issue a stay.

## ARGUMENT

### A. A Stay Should Be Granted Because Motions To Remand Removals Based On Fraudulent Joinder Should be Decided by the MDL Transferee Judge.

Plaintiff's opposition ignores not only the three identical cases that are currently pending in the MDL, but also the several other cases filed in Alabama, which involve the fraudulent joinder of Lilly sales representatives and have been stayed and transferred to the MDL. *See Wright v. Lilly, et al.*, No.: 2:06-cv-193-KD-C (S.D. Ala. May 3, 2006) (DuBose, J.); *Anderson v. Lilly, et al.*, No.: 7:06-cv-636-LSC (N.D. Ala. Apr. 27, 2006) (Coogler, J.); *Brownlee v. Lilly, et al.*, 7:06-cv-634-JEO (N.D. Ala. Apr. 5, 2006) (Ott, Mag.); *Jackson v. Lilly, et al.*, No.: 5:06-cv-576-CLS (N.D. Ala. Apr. 5, 2006) (Smith, J.); *Hubbard v. Lilly, et al.*, No.: 3:06-cv-535-CLS (N.D. Ala. Apr. 5, 2006) (Smith, J.); *Wesley v. Lilly, et al.*, No.: 2:06-cv-569-SLB (N.D. Ala. Mar. 27, 2006) (Blackburn, J.). As these courts have recognized, it is the MDL court, not this Court that should decide any motions to remand.

The efficacy of having the MDL court rule on any motion to remand is similarly evidenced by rulings in the *Vioxx*, *Rezulin*, *Baycol,* and *Diet Drugs* litigation. For example, the MDL transferee courts in the *Baycol* and *Rezulin* litigations have each addressed motions to remand based upon fraudulent joinder in actions before them. *See, e.g., In re Baycol Prods. Liab. Litig.*, MDL 1431, No. 02-4835, 2003 WL 21223842 (D.Minn. May 27, 2003) (nondiverse physician fraudulently joined, motion to remand denied); *In re Baycol Prods. Liab. Litig.*, MDL 1431, No. 02-129, 2002 WL 32155268 (D.Minn. May 24, 2002) (nondiverse pharmacy fraudulently joined to defeat diversity, motion to remand denied); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272 (S.D.N.Y. 2001) ("*Rezulin I*") (denying motions to remand where sales representatives and physicians fraudulently joined, granting one motion where codefendant did not consent to removal); *In re Rezulin Prods. Liab. Litig.,* 168 F. Supp. 2d (S.D.N.Y. 2001)

("*Rezulin II*") (denying motions to remand in Alabama cases where sales representative was fraudulently joined, granting Texas motions on other grounds).

Courts in the *Vioxx* litigation have routinely stayed proceedings pending transfer of the cases to the MDL. *See Walker v. Merck & Co., Inc.*, No. 05-cv-360-DRH, 2005 U.S. Dist. Lexis 13693, *1 (S.D. Ill. June 22, 2005) (noting that there are over 600 *Vioxx*-related cases that have been stayed, including more than 70 cases with pending motions to remand). In deciding to grant a stay of proceedings despite the pendency of a motion to remand, the court in *Walker* noted that judicial economy weighed in favor of a stay and that judicial economy and the threat of inconsistent rulings outweighed any possible prejudice to the plaintiffs. *Id.* at *6.

Disregarding Zyprexa-related cases involving the fraudulent joinder of local sales representatives and recent decisions from other pharmaceutical litigation, Plaintiff relies almost exclusively on older rulings in the *Diet Drugs* litigation and old statements made by the *Diet Drugs* MDL Court (Judge Bartle) to support her claims. Plaintiff, however, ignores that Judge Bartle has more recently addressed a motion to remand in an action where a defendant removed based upon fraudulent joinder, the plaintiff moved to remand and the transferor court deferred ruling to allow the action to be transferred to the MDL. *In re Diet Drugs Prods. Liab. Litig.*, MDL 1203, No. 03-20370, 2004 WL 2624851 (E.D. Pa. Nov. 18, 2004) (denying motion to remand and referencing earlier ruling on fraudulent joinder in *Anderson v. American Home Products*, 220 F. Supp. 2d 414 (E.D. Pa. 2002)).

The *Diet Drugs* MDL court further determined that it was the best forum to resolve these removal issues, stating:

> Recurrent issues have continued to emerge in connection with motions to remand to state courts cases removed by Wyeth on the basis of diversity of citizenship. . . . We are continuing to address the fraudulent joinder of individual physicians and pharmacies as

>  defendants as a means to prevent removal. Many of these issues have common patterns as well as ramifications far beyond any specific case. Again, we believe these issues are best resolved in a uniform manner through the coordinated proceedings of MDL 1203.

*Braden v. Wyeth*, No. 04-PT-0235-E, 2004 U.S. Dist. Lexis 28734 at *65-66 (N.D. Ala. April 5, 2004) (quoting *In re Diet Drugs Product Liability Litigation*, MDL No. 1203, PTO-2984).

> **B.** **In The Interests Of Judicial Economy And Efficiency And To Avoid Prejudice To The Parties, Lilly's Motion To Stay Should Be Granted.**

The reason for the overwhelming case law supporting a stay in cases where there is a fraudulent joinder issue pending is simple: it promotes judicial economy and efficiency, prevents inconsistent decisions on common factual and legal issues and avoids prejudice to all parties. Plaintiff counsel's suggestion that it is more efficient for this Court to hear the matter is belied by a very clear record in this litigation.

In addition to the several cases filed by Plaintiff's counsel in other jurisdictions now pending in the MDL, *Muhammad*, *McCray-Martin*, and *Crimes* – Alabama cases in which Plaintiff's counsel alleged causes of action against Lilly and Yolanda McCain identical to those alleged in the present case – are now pending in the MDL before Judge Weinstein. Also, Plaintiff's counsel has recently filed this Complaint and six other identical Complaints against Lilly and Yolanda McCain. *See Frizzle v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-467-MHT (M.D. Ala.) (removed from Cir. Ct. of Montgomery County); *Gantt v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-468-WHA (M.D. Ala.) (removed from Cir. Ct. of Montgomery County); *Glover v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-466-WHA (M.D. Ala.) (removed from Cir. Ct. of Montgomery County); *Grant v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-464-MHT (M.D. Ala.) (removed from Cir. Ct. of Lowndes County); *Person v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-465-WHA (M.D. Ala.) (removed from Cir. Ct. of Bullock County); *Wakefield v. Lilly,*

*Yolanda McCain, et al.*, No.: 3:06-cv-460-WHA (M.D. Ala.) (removed from Cir. Ct. of Macon County).  Plaintiff's counsel is expected to file identical Motions to Remand in each of these cases.  Granting a stay of proceedings would promote the principles of judicial economy by allowing Judge Weinstein, the MDL transferee judge, to make consistent decisions on the Motions to Remand in these cases and any other similar cases that follow.

      **C.**     **All Parties Will Benefit By Transfer To An Active, Advanced MDL.**

Plaintiff's suggestion that a settlement <u>not</u> involving Plaintiff's counsel somehow affects whether to stay this case, or otherwise suggests that discovery is stalled in the MDL is mystifying.  The exact opposite is true.  The Zyprexa MDL is at an advanced stage.  As recently as February, the MDL court ordered scheduling for the prompt completion of discovery to allow for dispositive motions and motions in limine.  *See* Order filed February 21, 2006 (attached as Exhibit "E").  The fact discovery necessary for summary judgment and *Daubert* motions will be completed August 18, 2006.  *See* Case Management Order 14 (attached as Exhibit "F").  Judge Weinstein has now entered an Order setting motions for summary judgment and *Daubert* motions for November 17, 2006, and setting trial in those cases currently pending in the Eastern District of New York for January 22, 2007.  *See* Order filed May 15, 2006 (attached as Exhibit "G").  Additionally, the Plaintiff's Steering Committee has begun noticing depositions of fact witnesses, the first of which was taken on June 9, 2006.

All parties will benefit from the coordinated discovery and pre-trial proceedings that have already taken place in the MDL.  For example, Plaintiff's counsel will have the advantage of coordinated discovery consisting of over 4.5 million pages of documents already produced, over a dozen designee depositions already conducted, and Case Management Orders addressing a range of issues.  From the very beginning of the Zyprexa MDL, Judge Weinstein

-6-

has reached out to both state and federal court judges, and suggested the issuance of stays so that discovery efforts could be coordinated. *See* Order dated April 16, 2004 (attached as Exhibit "H"). Judge Weinstein has made it equally clear that plaintiffs whose cases are transferred to the MDL will benefit from the discovery already conducted. *See* Order dated January 5, 2005 (attached as Exhibit "I") (stating "it is expected that all discovery to date will be shared by past and incoming parties without the need for duplication"). Notably, Plaintiff's counsel here is already an active participant in the MDL with several non-settled cases already transferred into the MDL. Thus, there is absolutely no added hardship to their participation in the MDL with this case.

One judge – who has been managing the litigation for over two years – should be handling the identical cases filed by Plaintiff's counsel in Alabama, along with the hundreds of others that raise similar issues and allege repetitive fact patterns concerning Zyprexa. Judge Weinstein, as MDL transferee judge, will be able to provide a consistent approach to the issue, thus avoiding inconsistent or aberrant jurisdictional rulings.

The Second Circuit endorsed just this approach in *In re Ivy*, where, in the context of jurisdictional objections in Agent Orange actions, it reasoned that:

> The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation. . . . and there are real economies in transferring such cases to Judge Weinstein. . . . Once transferred, the jurisdictional objections can be heard and resolved by a single court . . . . Consistency as well as economy is thus served. We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending.

901 F. 2d at 9. Similarly, the Panel has endorsed this approach in the Zyprexa litigation. *See* Exhibit "D" (stating that deferring decisions on motions to remand to the MDL court "may be especially appropriate if the motion raises questions likely to arise in other actions in the

transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization").

      **D.**    **This Court Has The Authority To Grant A Stay With A Motion To Remand Pending.**

Plaintiff ignores this Court's previous decisions to stay Zyprexa-related cases and suggests that the expected filing of a motion to remand somehow affects the Court's authority to grant a stay. To support this argument, Plaintiff misuses the Eleventh Circuit in *University of South Ala. v. The American Tobacco Co.*, and wrongly suggests that this Court must examine jurisdictional issues prior to taking *any* action in the case. 168 F.3d 405, 410 (11th Cir. 1999).[2]

Granting a motion to stay proceedings, however, is not considered "taking action" or "adjudicating the merits" of a case. *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1047 (E.D. Wis. 2001) (declining to follow *Stern v. Mut. Life Ins. Co. of N.Y.*, 968 F. Supp. 637 (N.D. Ala. 1997)). Furthermore, in *University of South Alabama*, the court's primary concern was the propriety of making *substantive* rulings concerning Alabama law, namely deciding a motion to dismiss the case, without first determining whether the court had jurisdiction over the matter. Because the district court failed to consider the jurisdictional question prior to granting the motion to dismiss, the Eleventh Circuit held that the district court erred. *University of South Alabama*, 168 F.3d 405. These substantive concerns are not implicated here. The court in *University of South Alabama* was not faced with a motion to stay pending transfer to the MDL,

---

[2] Lilly's removal papers are supported by Eleventh Circuit precedent, most notably, the October 25, 2005 holding in *Legg v. Wyeth,* 428 F.3d 1317 (11th Cir. 2005). The Court in *Legg* makes it clear that simply naming a sales representative does not defeat diversity jurisdiction. Instead, this practice can, at best, be "characterized as a sham, at the unfair expense, not only of [the Company], but of many individuals and small enterprises that are being unfairly dragged into court simply to prevent the adjudication against [the Company], the real target, in a federal forum." *Id.* at 1320 (citing *Anderson v. Am. Home Prods. Corp.,* 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002)). As the Eleventh Circuit stated in *Legg*, "The removal process was created by Congress to protect defendants. Congress 'did not extend such protections with one hand, and with the other hand give plaintiffs a bag of tricks to overcome it.'" *Id.* at 1325 (quoting *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.,* 955 F.2d 924, 928 (4th Cir. 1992)).

where any motion to remand would be heard prior to other substantive ruling in the case. This is a course that is proper and well within the district court's authority even where a federal court's jurisdiction is challenged on remand.[3]

Plaintiff's argument, therefore, would overrule seventy years of precedent establishing that the Court's power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1967) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Plaintiff's citation to *Nicholas v. Prudential Ins. Co.* is also unavailing. In *Nicholas*, the question facing the court was whether or not the supplemental jurisdiction statute, 28 U.S.C. §1367(a), confers removal jurisdiction on the court. No. 97-0204-CB-C, 1997 U.S. Dist. Lexis 6579, *1 (S.D. Ala. April 28, 1997). The court noted that "[t]here can be no dispute that this Court lacks original jurisdiction to hear this case" because the parties are not diverse and no federal question is implicated. *Id.* at *10. The court held that the removal statute's requirement that courts have original jurisdiction does not include supplemental jurisdiction. *Id.* at *11-12. The court declined to grant a stay solely on the grounds that the removal was "clearly improper" and "to stay these proceedings when the Court clearly lacks subject matter jurisdiction is contrary to Congress' intent." *Id.* at *15.

---

[3] *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (recognizing authority to stay action despite pending remand motion); *In re Amino Acid Lysine Antitrust Litig.,* 910 F. Supp. 696, 700 (J.P.M.L. 1995) (ordering consolidation and transfer and recognizing that "the pending motion to remand . . . can be presented to and decided by the transferee judge"); *Med. Soc'y v. Conn. Gen.. Corp.,* 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (declining to decide motion to remand pending transfer decision by the MDL Panel); *Aikens v. Microsoft Corp.,* No. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (declining to decide motion to remand pending transfer decision by the MDL Panel); *Johnson v. AMR Corp.,* No. 1:95-cv-07664, 1996 WL 164415, at *3-4 (N.D. Ill. Apr. 3, 1996) (staying ruling on jurisdictional motion pending transfer decision by the JPML).

That concern is not implicated here, where Lilly has validly removed the case on the grounds of diversity of citizenship on the basis of fraudulent joinder supported by Eleventh Circuit precedent.[4]  *See Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997); *see also*, *Braden*, 2004 U.S. Dist. Lexis 28734, *1 (staying consideration of remand motion pending transfer and ruling by transferee judge).[5]

Similarly, the Tenth Circuit law recited by Plaintiff does not speak to the issue presently before this Court.  *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042 (D.Kan. 1999), *Bellinder v. Microsoft Corp.*, No. 99-2578-KHV, 2000 U.S. Dist. Lexis 6789, *1 (D.Kan. March 24, 2000) and *Havens Protected "C" Clamps, Inc. v. Pilkington, PLC*, No. 00-2035-JWL, 2000 WL 382027, *1 (D.Kan. March 28, 2000).[6]  These three cases

---

[4] Similarly, Plaintiff has cited to *Lloyd v. Cabell Huntington Hospital, Inc.,* 58 F. Supp. 2d 694 (S.D.W.Va. 1999) in support of her opposition to the motion to stay.  The court in *Lloyd* declined to grant a stay where not all defendants had joined in the removal, making the removal facially invalid.  *Id.* The procedural flaw in that case meant that the court never had subject matter jurisdiction.  This is clearly not the situation here as all necessary defendants have consented to removal.

[5] The court in *Braden* agreed with the language of *Betty Hagler v. Wyeth,* CV-04-A-11-N (M.D. Ala. Feb. 23, 2004) in which it was stated that:

> There is similarity in issues involved in remand motions in these cases nationwide, i.e., whether sales representatives and other individual resident defendants have been fraudulently joined to avoid federal jurisdiction.  This court recognizes its authority to consider and rule on a Motion to Remand at any time before a final transfer, but finds it to be more appropriate to await a determination by the MDL Panel in regard to transfer.  A transfer to the MDL Court does not result in a denial of a motion to remand; it simply leaves the motion for determination by the MDL judge.  Because of the similarity of these issues nationally, and in the interests of uniformity and judicial economy, this court finds that the remand motion is best left for consideration and determination by the judge who is considering the same issues on a nationwide basis, in the event the case is ordered transferred.

*Braden*, 2004 U.S. Dist. Lexis 28734 at *74-75.

[6] Plaintiff also cites to *Tortola Restaurants v. Kimberly-Clark Corp.*, 987 F. Supp. 1186 (N.D. Cal. 1997), which also declined to grant a stay where defendants had not shown that all members of the class satisfied the amount in controversy requirement for diversity jurisdiction.  For the reasons stated above, this case should not be persuasive on the issue before this Court.

involved class action lawsuits where the motions to remand were based upon failure to meet the amount in controversy requirement for diversity jurisdiction. Tenth Circuit precedent established that the court did not have jurisdiction and a stay was therefore not appropriate.[7] Here, the issue is fraudulent joinder of a sales representative, which courts in this Circuit and in others have found to weigh in favor of granting a stay to promote judicial economy and efficiency. *See, e.g., Braden*, 2004 U.S. Dist. Lexis 28734, *1.

## CONCLUSION

For the foregoing reasons and for the reasons stated in Lilly's Memorandum in Support of its Motion to Stay, Lilly respectfully requests that this Court grant its Motion to Stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of New York.

s/ James C. Barton, Jr.
James C. Barton, Jr. (BAR014)
Bar Number:   ASB-0237-B51J
Email: jbartonjr@jbpp.com

s/ Alan D. Mathis
Alan D. Mathis (MAT052)
Bar Number:   ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for defendant
Eli Lilly and Company

---

[7] *See Aetna*, 54 F. Supp. 2d 1042 (remanding on grounds that all members of the class must meet amount in controversy requirement and no federal question exists); *Bellinder*, 2000 U.S. Dist. Lexis 6789, *1 (remanding where defendant has not shown that amount in controversy for each member of the class is greater than $75,000); *Havens*, 2000 WL 382027, *1 (same).

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
(205) 458-9400
(205) 458-9500 (fax)

    **OF COUNSEL**

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on June 13, 2006, using the CM/ECF system, which will send notification of such filing to the following:

        E. Frank Woodson, Esq.
        Beasley, Allen, Crow, Methvin,
        Portis & Miles, P.C.
        P.O. Box 4160
        Montgomery, Alabama 36104

        s/ Alan D. Mathis
        Of Counsel

W0561272.DOC